UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10378-RWZ

LINDSAY BLANKMEYER

v.

STONEHILL COLLEGE, INC.

MEMORANDUM OF DECISION

November 2, 2012

ZOBEL, D.J.

Lindsay Blankmeyer ("Blankmeyer") has sued Stonehill College, Inc. ("Stonehill"), for violating federal and state laws that protect disabled persons against discrimination. Stonehill now moves to dismiss the complaint.

## I.  Background

Blankmeyer is a young woman with diagnosed depression and attention deficit disorder who attended Stonehill. In her senior year, she had difficulty living with her roommate. She asked Stonehill to either give her a new room by herself or to make her roommate move out. Stonehill refused Blankmeyer's requests. Instead, they gave her two other options: to move in with a new roommate in a "party dorm" or to live in a small study lounge that Stonehill would convert into a single bedroom. Blankmeyer refused those options and decided to move off-campus. She asked Stonehill to reimburse the rent she had paid in advance for the rest of the school year, which Stonehill did.

Blankmeyer then sued, claiming that Stonehill refused to reasonably accommodate her mental disabilities (depression and attention deficit disorder) by denying her a single room. She brings her claims under the Rehabilitation Act, 29 U.S.C. § 794; the Fair Housing Act, 42 U.S.C. § 3604; and the Massachusetts antidiscrimination law, Mass. Gen. Laws ch. 151B, § 4.

**II.     Legal Standard**

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The court accepts as true all factual allegations contained in the complaint, but not legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a plausible claim for relief. Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

**III.    Analysis**

Blankmeyer raises claims based on Stonehill's alleged failure to provide a reasonable accommodation, failure to engage in an interactive process to provide such an accommodation, and discrimination between mental and physical disorders. Stonehill moves to dismiss all of Blankmeyer's claims.

**A. Reasonable Accommodation**

Stonehill argues that Blankmeyer's reasonable accommodation claim must fail because Stonehill granted the accommodation that Blankmeyer requested by reimbursing her rent. From Stonehill's perspective, Blankmeyer proposed three alternative reasonable accommodations—a new single room, her roommate's

departure, or her rent back—and Stonehill granted one of those reasonable accommodations. But that characterization contradicts the factual allegations of the complaint. According to the complaint, Blankmeyer only requested reimbursement because Stonehill had refused the reasonable accommodations she requested.[1] In Blankmeyer's view, reimbursement was not a reasonable accommodation—it was an insufficient accommodation that failed to satisfy Stonehill's duties under federal and state law. Whether the reimbursement was or was not a reasonable accommodation is a fact-specific question, and in this case it cannot be resolved on a motion to dismiss. Therefore, Stonehill's motion must be denied as to Blankmeyer's reasonable accommodation claims.

### B. Interactive Process

Blankmeyer claims that Stonehill violated its duty to engage in an interactive process with her to work towards a reasonable accommodation. The parties dispute whether Stonehill had such a duty under the relevant statutes. But the court need not resolve that dispute, because even assuming Stonehill was required to engage in an interactive process with Blankmeyer, the allegations in the complaint show that it did. Stonehill tried to mediate between Blankmeyer and her roommate, provided Blankmeyer with temporary single housing while it was considering her accommodation requests, offered alternative accommodations, and engaged constructively with

---

[1] Stonehill has submitted an email, apparently sent by Blankmeyer's father, that proposes reimbursing Blankmeyer's rent. The parties hotly debate whether the court can consider this email on a motion to dismiss. The court need not resolve that question, because with or without the email it is clear that Blankmeyer only accepted after Stonehill refused her request for a single room.

Blankmeyer and her parents throughout the process. Because the complaint's factual allegations show that Stonehill actually engaged in an interactive process with Blankmeyer, Stonehill's motion is allowed as to these claims.

### C. Mental/Physical Discrimination

Blankmeyer claims that Stonehill refused to provide her with a reasonable accommodation because of her mental disability but would have provided her with one if she had a comparable physical disability. Her factual allegations do not support this claim. Specifically, she has not provided any factsch showing that Stonehill did or would treat a physically disabled person differently. Accordingly, Stonehill's motion is allowed as to this claim as well.

### IV.  Conclusion

Stonehill's motion to dismiss (Docket # 10) is DENIED as to Blankmeyer's reasonable accommodation claims (Counts I, IV, and VI) and ALLOWED as to her interactive process and mental/physical discrimination claims (Counts II, III, V, and VII).


|  November 2, 2012  | /s/Rya W. Zobel |
|---|---|
| DATE | RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |